JOHN T. BELK ARCE, demandante y recurrido, *v.* FRED H. MARTÍNEZ ET AL., demandados y peticionarios.

*Número:* CC-2003-371          *Resuelto:* 28 de octubre de 2004

*Alberto Rodríguez Ramos* y *Cristina S. Belaval Burger*, abogados de la parte peticionaria; *Judith Berkan* y *Rosalinda Pesquera*, abogadas de la parte recurrida; *John T. Belk Arce*, pro se.

SALA ESPECIAL integrada por el JUEZ PRESIDENTE SEÑOR HERNÁNDEZ DENTON como su PRESIDENTE, Juez ponente, y los JUECES ASOCIADOS SEÑORES REBOLLO LÓPEZ y CORRADA DEL RÍO.

Como cuestión práctica, este caso nos permite ilustrar la aplicación de la norma establecida en *López Vicil v. ITT Intermedia, Inc. [II]*, 143 D.P.R. 574 (1997), de manera que los foros de instancia puedan ejercer con uniformidad la encomienda de evaluar y disponer de solicitudes de honorarios de abogado en exceso del veinticinco por ciento reconocido en reclamaciones al amparo de la Ley Núm. 100 de 30 de junio de 1959.[1] En particular, debemos resolver si el Tribunal de Primera Instancia cumplió con esa normativa al evaluar varias solicitudes de honorarios de abogado que presentaron las representantes legales del Sr. John T. Belk Arce (señor Belk Arce) en el caso del epígrafe.

I

En junio de 1992, el señor Belk Arce presentó una demanda contra los licenciados Fred H. Martínez, Lawrence Odell y José L. Calabria, y la sociedad profesional compuesta por éstos (en conjunto, el señor Martínez), al amparo de la Ley Núm. 100, *supra*. Alegó discrimen en el empleo por razón de matrimonio. Luego de varios incidentes, el Tribunal de Primera Instancia falló a favor del señor Belk Arce, y el señor Martínez acudió ante nos.

---

[1] 29 L.P.R.A. sec. 146 *et seq.* (Ley Núm. 100).

Como resultado de estos trámites, emitimos una opinión y sentencia en *Belk v. Martínez*, 146 D.P.R. 215 (1998), en la cual resolvimos, entre otros extremos, que al abogado del señor Belk Arce le correspondía preliminarmente el veinticinco por ciento de la indemnización básica concedida, o sea, dieciocho mil seiscientos dieciocho dólares con cincuenta y nueve centavos en honorarios al amparo de la Ley Núm. 100, *supra*. Determinamos, además, que el abogado, a su discreción, podría someter un memorando juramentado para obtener un aumento en sus honorarios, si ese fuera el caso, el cual sería evaluado por el tribunal acorde con lo expresado en *López Vicil v. ITT Intermedia, Inc. [II]*, supra.

En vista de lo anterior, las representantes legales del señor Belk Arce, Lcdas. Rosalinda Pesquera (licenciada Pesquera) y Judith Berkan (licenciada Berkan), presentaron ante el foro de instancia cuatro mociones en las cuales solicitaron honorarios de abogado adicionales.[2] Adujeron que habían representado al señor Belk Arce desde los inicios del pleito judicial y que ambas habían dedicado al caso más de seiscientas horas de trabajo.

Junto a esas mociones, las abogadas presentaron sus respectivos memorandos juramentados en los cuales expusieron sus preparaciones académicas, experiencias profesionales, las tarifas que les habían concedido en otros pleitos, las tarifas que solicitaban como honorarios en el presente caso y el número de horas trabajadas. Particularmente, la licenciada Berkan solicitó una compensación a razón de doscientos veinticinco dólares por hora trabajada fuera del tribunal y doscientos cincuenta dólares por hora trabajada en el tribunal. Por su parte, la licenciada Pesquera requirió una compensación a razón de ciento sesenta y cinco dólares por hora trabajada fuera del tribunal y ciento noventa dólares por hora trabajada en el tribunal.

---

[2] Esas mociones las presentaron el 16 de septiembre de 1998, el 29 de diciembre de 1999, el 8 de agosto de 2000 y el 5 de febrero de 2002.

Ambas abogadas acompañaron sus memorandos con una relación de horas trabajadas y tareas realizadas durante los trámites del caso.(³)

Posteriormente, y a petición del tribunal de instancia, las mencionadas abogadas presentaron cuatro declaraciones juradas de otros licenciados que habían litigado casos bajo la Ley Núm. 100, *supra*, tanto en el foro estatal como en el federal. Mediante éstas, informaron las tarifas que tradicionalmente cobraban en este tipo de casos.

Así las cosas, el Tribunal de Primera Instancia emitió una orden en la cual concedió honorarios a la licenciada Pesquera ascendentes a veinticinco mil dólares. A su vez, otorgó a la licenciada Berkan veintiocho mil dólares por el mismo concepto. Indicó que había tomado en consideración la intensidad de la litigación, la experiencia de las abogadas y las horas invertidas por éstas en el caso.

El señor Martínez objetó esa determinación oportunamente ante el antiguo Tribunal de Circuito de Apelaciones. El foro apelativo intermedio resolvió que la evaluación realizada por el tribunal de instancia fue insuficiente, de acuerdo con los parámetros esbozados en *López Vicil v. ITT Intermedia, Inc. [II]*, supra, toda vez que ese tribunal no explicó las razones ni la metodología utilizada para computar las cantidades otorgadas. En vista de ello, devolvió el caso para que el foro de instancia resolviera el asunto conforme a los criterios jurisprudenciales y emitiera una resolución fundamentada.

Nuevamente, y ante la oposición del señor Martínez, el Tribunal de Primera Instancia resolvió aprobar los memorandos de honorarios que presentaron las abogadas. Determinó que a la licenciada Pesquera le correspondía una compensación de cien dólares por hora trabajada fuera del tribunal y ciento veinticinco dólares por hora trabajada en

---

(³) Entre los documentos sometidos para nuestra consideración, no se encuentran el memorando juramentado y el desglose de las horas que la licenciada Pesquera trabajó, y que alegadamente incluyó con la solicitud que presentó el 29 de diciembre de 1999.

el tribunal. Dictaminó, además, que a la licenciada Berkan le correspondían honorarios a razón de ciento veinticinco dólares por hora trabajada fuera del tribunal y ciento cincuenta dólares por hora trabajada en el tribunal. Dispuso como fundamento para tal determinación que había considerado la preparación académica de las abogadas, su experiencia profesional, los honorarios que se acostumbraba cobrar en el distrito judicial, la novedad de la cuestión planteada, la naturaleza de la defensa y cómo el pleito había afectado su práctica.

Insatisfecho, el señor Martínez solicitó la reconsideración del dictamen. El señor Belk Arce se opuso y solicitó, a su vez, una reconsideración. En atención a los planteamientos de las partes, el tribunal de instancia determinó aumentar las tarifas por hora a ser pagadas a ambas abogadas[4] y ordenó la consignación de ciento treinta y cuatro mil setenta y nueve dólares con sesenta y seis centavos en pago de esos honorarios.

Inconforme, el señor Martínez acudió nuevamente ante el foro apelativo, el cual denegó el recurso presentado por entender que el Tribunal de Primera Instancia había ejercido su sana discreción al evaluar y determinar los honorarios solicitados. En vista de esto, el señor Martínez acudió ante nos. Sostiene, en esencia, que el foro de instancia erró al conceder los honorarios solicitados sin justificación ni cómputo matemático alguno en contravención a *López Vicil v. ITT Intermedia, Inc. [II]*, supra. Por su parte, el señor Belk Arce aduce que el Tribunal de Primera Instancia tuvo ante sí los documentos necesarios para evaluar los honorarios solicitados.

Expedido el auto de *certiorari*, y con el beneficio de las comparecencias de las partes, procedemos a resolver.

---

[4] Este aumento correspondió a las tarifas que originalmente solicitaron.

## II

La evaluación y fijación de honorarios de abogado se deben dirigir por el principio de que la profesión de la abogacía no es un mero negocio con fines de lucro, sino que se considera parte integrante de la administración de la justicia. Véanse: Canon 24 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX; *In re Clavell Ruiz*, 131 D.P.R. 500 (1992); *Ramírez, Segal & Látimer v. Rojo Rigual*, 123 D.P.R. 161 (1989). Debido a ello, hemos establecido parámetros y criterios para que, al apreciar la labor del abogado, no se sobrepasen los linderos del mencionado principio.

Así, pues, en *López Vicil v. ITT Intermedia, Inc. [I]*, 142 D.P.R. 857 (1997), tuvimos la oportunidad de expresarnos en torno a la imposición de honorarios de abogado en reclamaciones laborales. Allí expusimos que la Ley Núm. 100, *supra*, disponía de forma mandatoria la imposición de honorarios de abogado en casos de discrimen en el empleo. Asimismo, señalamos que en virtud de la Ley Núm. 402 de 12 de mayo de 1950, según enmendada,[5] no se permitía que los empleados victoriosos que reclamaban contra sus patronos tuvieran que pagar honorarios de abogado por los servicios prestados en reclamaciones laborales, en cuyo caso se condenaría al patrono a pagarlos.

Mediante reconsideración, en *López Vicil v. ITT Intermedia, Inc. [II]*, supra, pág. 577, enfatizamos que los honorarios de abogado que dispone como mandato la Ley Núm. 100, *supra*, "son compensatorios y constituyen la única y exclusiva suma que podrá cobrar el abogado de un trabajador que inste reclamación bajo dicha ley, correspon-

---

[5] 32 L.P.R.A. sec. 3114 *et seq.* Esta ley declara como política pública que permitir que se le cobren honorarios de abogado a los empleados que se ven obligados a reclamar contra sus patronos al amparo de leyes laborales, tanto federales como estatales, equivale a permitir la reducción en el valor de su trabajo por la cantidad que éstos paguen a sus abogados.

diéndole el pago al patrono perdidoso". (Énfasis suprimido.) Igualmente, concluimos que, de ordinario, un abogado que haya representado a algún empleado o trabajador victorioso en procedimientos al amparo de la Ley Núm. 100, *supra*, puede recibir en concepto de honorarios una compensación equivalente al veinticinco por ciento de la indemnización base concedida a su representado.

■ Ahora bien, aclaramos que en aquellas circunstancias en las que el abogado estimara que el esfuerzo realizado, el impacto o resultado excepcional del caso, o el haber enfrentado una defensa hostil justifican una cantidad mayor de honorarios, "éste [podría] solicitar al tribunal su visto bueno para cobrar una tarifa a base de las horas trabajadas". *López Vicil v. ITT Intermedia, Inc. [II]*, supra, pág. 583. En tal caso, el abogado tendría que presentar un memorando juramentado en el cual se detallen las horas trabajadas y la tarifa que habrá de cobrar por hora, de manera que el tribunal pueda evaluar si es razonable. Ese abogado deberá presentar un desglose del tiempo invertido en el caso y especificar todas las tareas realizadas. Además, deberá justificar la tarifa solicitada con su experiencia, preparación y las tarifas tradicionalmente cobradas en ese tipo de casos. Para ello puede someter declaraciones juradas de otros abogados que, a su vez, indiquen sus tarifas. Finalmente, recalcamos que el abogado del demandante tiene el peso de la prueba para demostrar que las horas trabajadas y su tarifa son razonables.

■ Por su parte, al evaluar esa solicitud de honorarios, al tribunal le corresponde eliminar las horas excesivas o repetitivas, y utilizar su propia experiencia y pericia para decidir cuánto tiempo es realmente razonable. El foro de instancia deberá considerar la novedad y dificultad de las controversias y si los demandados recurrieron a una defensa hostil.

También expresamos, de manera particular, que

... el tribunal de instancia tendrá discreción para aceptar o modificar la suma de honorarios reclamada en el memorando, *pero siempre deberá consignar por escrito sus razones*(6) *para llegar a determinada suma. Sólo de esta manera ese cálculo podrá ser revisable y se evitarán abusos de discreción.* (Énfasis suplido.) *López Vicil v. ITT Intermedia, Inc. [II],* supra, pág. 584.

Igual norma rige en la jurisdicción federal. *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983).(7) A modo ilustrativo, en *Norman v. Housing Authority of City of Montgomery,* 836 F.2d 1292, 1304 (11mo Cir. 1988), se manifestó:

Although the district court has wide discretion in exercising its judgment on the appropriate fee based on its own expertise, that discretion is not without limits. A conclusory statement that a fee is reasonable in light of the success obtained is generally insufficient. The court's order on attorney's fees must allow meaningful review—the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.(8) (Citas omitidas.)

Ese precepto se mantiene como un importante elemento en el proceso valorativo y en el cálculo de honorarios de abogado. *Parker v. Town of Swansea,* 310 F. Supp.2d 376 (D. Mass. 2004).(9)

---

(6) *Razón,* en una de sus acepciones, significa argumento o demostración que se aduce en apoyo de algo. *Diccionario de la Lengua Española,* 22da ed., Madrid, Ed. Espasa-Calpe, 2001, pág. 1903.

(7) Expuso allí el más Alto Foro federal:
"We reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters. *It remains important, however, for the district court to provide a concise but clear explanation of its reasons for the fee award.*" (Énfasis suplido.)

(8) Véase, además, *ACLU of Georgia v. Barnes,* 168 F.3d 423, 427 (11mo Cir. 1999).

(9) Específicamente, ese foro expresó:
"While the court need not 'set forth hour-by-hour analyses of fee requests,' at a 'bare minimum,' the 'trial court's fee determination must expose (its) thought process and show the method and manner underlying its decisional calculus,' especially when 'the fee award departs substantially from the contours shaped by the application'." (Citas omitidas.) *Parker v. Town of Swansea,* ante, págs. 387–388.

■ De otro lado, en *López Vicil v. ITT Intermedia, Inc. [II]*, supra, advertimos que los tribunales apelativos no intervendrán con la determinación de honorarios que realice el tribunal instancia, a menos que ésta revele un abuso de discreción. Finalmente, puntualizamos que el cálculo de estos honorarios no se debe convertir en un segundo litigio.

Vista la normativa anterior, veamos los hechos del caso de autos.

### III

Al aplicar los principios mencionados a los dictámenes ante nuestra consideración, resulta forzoso devolver el caso al foro de instancia para que éste tenga la oportunidad de fundamentar su determinación de conceder los honorarios solicitados, conforme a los criterios expuestos en *López Vicil v. ITT Intermedia, Inc. [II]*, supra, de manera que se pueda constatar si son razonables.

Aun cuando en el dictamen del foro de instancia se reconoce que se tomaron en cuenta los parámetros esbozados al conceder los honorarios solicitados por las abogadas del señor Belk Arce, no se incluyó un análisis de estos criterios ni las razones o las circunstancias que ameritaron tal suma de dinero. Esa exposición resulta necesaria para apreciar si el cálculo fue razonable.

■ Como hemos expresado, la concesión de honorarios adicionales al veinticinco por ciento de la indemnización base concedida al empleado se encuentra dentro de la sana discreción del foro de instancia. Sin embargo, esa discreción se debe ejercer dentro de los parámetros establecidos por este Tribunal. Sólo cuando la resolución u orden de ese foro posea los fundamentos que motivaron su decisión de conceder los honorarios, puede un tribunal revisor determinar si la discreción se ejerció conforme a lo intimado. Habida cuenta de que las órdenes emitidas por el Tribunal de Primera Instancia no revelan su análisis sobre si son razona-

bles los honorarios solicitados, no contamos con los elementos valorativos para pasar juicio sobre ese asunto.([10])

*Aclaramos, por lo tanto, que los tribunales de instancia tienen el ineludible deber de aplicar los criterios esbozados por este Tribunal en López Vicil v. ITT Intermedia, Inc. [II],* supra, *a los hechos y circunstancias particulares del caso ante su consideración y fundamentar su determinación al considerar la solicitud de honorarios al amparo de la Ley Núm. 100,* supra, *en exceso del veinticinco por ciento de la indemnización base concedida al empleado. Ese análisis deberá constar por escrito en la orden o resolución en la cual se concedan o denieguen total o parcialmente estos honorarios.* Con ello, no sólo se posibilita la adecuada revisión de tal dictamen, sino que se pone al patrono perdidoso en conocimiento de las razones por las cuales se condena al pago de honorarios de abogado por una suma mayor al veinticinco de la indemnización base concedida al empleado. De igual forma, el empleado queda bien informado en caso de que no se le acoja la solicitud favorablemente o sólo se conceda la cantidad solicitada parcialmente.

Procede, por lo tanto, devolver el caso al Tribunal de Primera Instancia para que expanda sus fundamentos sobre si son razonables los honorarios concedidos de acuerdo con lo resuelto en *López Vicil v. ITT Intermedia, Inc. [II],* supra.

IV

En virtud de lo anterior, *se expide el auto de "certiorari" y se revoca la resolución emitida por el hoy Tribunal de Apelaciones. Se devuelve el caso para que el Tribunal de Primera Instancia emita una nueva orden en la cual espe-*

---

([10]) Tampoco estamos en posición de realizar nuestra propia evaluación de los honorarios, toda vez que no tenemos todos los memorandos juramentados y todos los desgloses de las horas trabajadas y tareas realizadas.

*cifique los fundamentos en apoyo a lo razonable de la suma de honorarios de abogado que concedió, en consideración a los hechos particulares del caso.*

*Se dictará sentencia de conformidad.*