EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Iszol Ortiz Valle<br><br>Peticionaria<br><br>v.<br><br>Panadería Ricomini<br><br>Recurrida | Certiorari<br><br>2022 TSPR 131<br><br>210 DPR ____ |

Número del Caso: CC-2021-708

Fecha: 1 de noviembre de 2022

Tribunal de Apelaciones:

     Panel V

Abogados de la parte peticionaria:

     Lcdo. Pedro A. Santiago Vélez
     Lcdo. Martín González Vélez
     Lcdo. Martín González Vázquez

Abogado de la parte recurrida:

     Lcdo. Dixon Cancel Mercado

Materia: Derecho Laboral - Término para solicitar el pago de honorarios de abogado o abogada por horas trabajadas en una reclamación laboral.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Iszol Ortiz Valle | | *Certiorari* |
| Peticionaria | | |
| v. | CC-2021-0708 | |
| Panadería Ricomini | | |
| Recurrida | | |

Opinión del Tribunal emitida por la Jueza Asociada señora Pabón Charneco

En San Juan, Puerto Rico, a 1 de noviembre de 2022.

En *López Vicil v. ITT Intermedia, Inc.*, 143 DPR 574, 582 (1997), establecimos que de ordinario los tribunales otorgarán en concepto de honorarios de abogado una suma igual al veinticinco por ciento (25%) de la indemnización base concedida al trabajador. Esto al amparo de la Ley Núm. 100 de 30 de junio de 1959, según enmendada, 29 LPRA sec. 146 *et seq.* Sin embargo, cuando el esfuerzo de la representación legal lo justifica, se puede solicitar que estos se computen por horas trabajadas. *Belk v. Martínez*, 163 DPR 196 (2004); *López Vicil v. ITT Intermedia, Inc.*, supra, pág. 583.

Con esto en mente, el presente recurso comprende una reclamación laboral que fue presentada hace veinte (20) años por la Sra. Iszol Ortiz Valle (peticionaria), quien fungía como cajera de una panadería y devengaba un salario de $5.15 la hora. Sus abogados la representaron en un procedimiento judicial que requirió la celebración de dos juicios y varias

comparecencias ante los foros apelativos. Finalmente, los honorarios de abogado totalizaron $10,625.00 tras aplicar el cómputo del veinticinco por ciento (25%) de la indemnización base concedida a la trabajadora.

Previo a solicitar honorarios adicionales por horas trabajadas mediante un memorando que cumpliera con nuestras expresiones en *López Vicil v. ITT Intermedia, Inc.*, supra, la representación legal de la señora Ortiz Valle se expresó sobre la irrazonabilidad de la suma concedida, reiteró su solicitud de costas, respondió a la presentación de remedios contra la sentencia y manejó el forcejeo de ofertas transaccionales que buscaban reducir las sumas ya otorgadas a la empleada victoriosa por los foros judiciales. Sin embargo, el foro primario denegó evaluar esta solicitud de honorarios de abogado al concluir que la presentación fue tardía y rebasó el límite de razonabilidad. Asimismo, el foro apelativo intermedio confirmó esta determinación.

Los tribunales estamos obligados a conceder honorarios razonables y a compensar justamente a los abogados que defienden al trabajador en reclamaciones contra su patrono, de quienes hemos reconocido no pueden recibir honorarios y están en desventaja económica. De ordinario, esto se logra con el cómputo señalado. En otras ocasiones, el tribunal otorgará honorarios adicionales guiado por los criterios establecidos en *López Vicil v. ITT II*, supra, ante una solicitud a tales efectos.

Sin embargo, nuestro ordenamiento no establece un término para presentar la solicitud de honorarios de abogado por horas trabajadas ni a partir de qué momento se computa. Lo aconsejable es que se presente en fecha cercana a la determinación final. Por lo tanto, considerando otras disposiciones análogas, concluimos que un término de catorce (14) días contado a partir del archivo en autos de copia de la notificación de la sentencia (o desde la remisión del mandato ante el trámite apelativo) es el término más apropiado en estos casos. De lo contrario, los abogados y las abogadas se atendrán a la cifra concedida. Asimismo, en el ejercicio de nuestra discreción judicial, aplicamos prospectivamente esta norma y concluimos que la solicitud de honorarios por horas trabajadas debió haber sido considerada por el foro de instancia ante los hechos particulares de este caso.

**I**

El 22 de abril de 2002, la parte peticionaria presentó una reclamación laboral contra la Panadería Ricomini, Inc. y el Sr. Miguel A. López Rivera (patrono o parte recurrida). Luego de un extenso litigio, el foro primario declaró con lugar la demanda mediante una sentencia de 15 de diciembre de 2015.[1] En lo pertinente, el tribunal concedió $50,000.00 en concepto de honorarios de abogado.

---

[1] Apéndice, pág. 677. La peticionaria fue representada por el Lcdo. Alberto Márquez Castillo (q.e.p.d.). Tras el fallecimiento del licenciado Márquez Castillo, el Lcdo. Martín González Vázquez y el Lcdo. Martín G. González Vélez asumieron la representación en el 2007. Hubo un primer juicio el 28 de enero de 2009, 20, 21 y 22 de enero de 2010. Apéndice, págs. 432-436 y 439. Posteriormente, el Lcdo. Pedro A. Santiago

Días más tarde, la peticionaria solicitó la imposición de honorarios por temeridad y presentó un memorando de costas. Así las cosas, el foro primario denegó la imposición de honorarios por temeridad y determinó celebrar una vista para atender la solicitud de costas.

Sin embargo, los procesos quedaron paralizados ante la presentación de una apelación por el patrono. Mediante una sentencia de 29 de junio de 2018, notificada el 6 de julio de 2018, el Tribunal de Apelaciones modificó la sentencia recurrida. Esto resultó en la reducción de la cuantía otorgada a la peticionaria, y por consiguiente, en la reducción de la cantidad concedida por concepto de honorarios de abogado a $10,625.00. Tras la sentencia y previo a solicitar reconsideración, la peticionaria auscultó la disponibilidad del patrono para pagar la sentencia según modificada. Por su parte, el patrono ofreció pagar una cantidad reducida por lo que la oferta fue rechazada.[2]

En las solicitudes de reconsideración presentadas ante el Tribunal de Apelaciones y en lo pertinente a la

---

Vélez se unió a la representación legal. El juicio se celebró los días 28, 29, 30 de noviembre, 1, 2 de diciembre de 2011, 18,19,20,21, 22 de junio de 2012, 22, 23,24, 25 de octubre de 2013. Asimismo, tanto en el 2006 como en el 2018 hubo trámites apelativos.

[2] Surge del expediente que mediante una moción de 8 de abril de 2021 la parte demandante informó al tribunal que aceptó la oferta que le hiciera el patrono el 18 de octubre de 2019 en la que renunciaba a la doble penalidad de la Ley Núm. 100, *supra*, condicionada a la autorización del foro de instancia y del Departamento del Trabajo y Recursos Humanos. La renuncia se hacía sin afectar el reclamo de honorarios de abogado. Apéndice, págs. 315-318. Tras una comunicación del Departamento del Trabajo, la parte peticionaria solicitó al tribunal que ordenara la consignación de la totalidad de la sentencia. Apéndice, págs. 355-363. Véase además, *Moción informando posición del Secretario del Departamento del Trabajo y Recursos Humanos referente a la exigencia patronal de renunciar a la penalidad impuesta como condición para pagar la sentencia* de 30 de noviembre de 2021.

controversia que nos atañe, la parte peticionaria expresó que "la suma rebajada de honorarios de abogado ni remotamente compensa en lo más mínimo toda la labor y esfuerzo realizado y desplegado en este caso… durante los últimos 16 años, ni compensa remotamente el trabajo durante la celebración de un extenso, engorroso y dilatado juicio de 14 días" por lo que solicitó que se mantuvieran los honorarios de abogado previamente concedidos por $50,000.00.[3] Estas solicitudes fueron denegadas y el 30 de enero de 2019 se liberó el mandato.[4]

A diecisiete años de comenzado el pleito, la Sra. Iraida Irizarry Martínez y la Sociedad Legal de Gananciales compuesta por el Sr. Miguel A. López Rivera y la Sra. Iraida Irizarry Martinez presentaron una *Comparecencia Especial en Solicitud de Nulidad de Sentencia por Falta de Parte Indispensable*.[5] Esta solicitud fue denegada por el foro primario.[6]

En el interín, la peticionaria presentó una *Moción Solicitando Honorarios de Abogado a base de Horas Trabajadas* y sometió un memorando al respecto el 20 de noviembre de 2019.[7] Sostuvo que la cantidad concedida en la sentencia no

---

[3] Apéndice, pág. 53.

[4] Tras la liberación del mandato, la parte demandante solicitó que se aprobara el memorando de costas pendiente, solicitud que reiteró posteriormente. De igual forma, la peticionaria solicitó un embargo para asegurar la sentencia, el cual fue concedido. La Sociedad Legal de Gananciales compuesta por el Sr. Miguel A. López Rivera y la Sra. Iraida Irizarry Martinez solicitó reconsideración de esta determinación el 5 de noviembre de 2019.

[5] Apéndice. pág. 465.

[6] Posteriormente, fue presentada una solicitud de reconsideración que fue denegada mediante Resolución notificada el 12 de agosto de 2022. Tal determinación fue apelada.

[7] Apéndice, págs. 130-138 y 180-190.

compensaba la labor realizada, pues las horas invertidas por sus abogados ascendían a un valor de $126,780.00 y que hasta el momento el tribunal tampoco había dispuesto sobre su solicitud de costas. En oposición, la parte recurrida destacó que la solicitud era improcedente y tardía, pues la parte peticionaria debió solicitarlo antes de que el foro primario dictara sentencia, o de haberla dictado, debió solicitar que la reconsiderara, pues se trataba de un asunto que debe ser atendido como parte de la sentencia, por ser revisable. Mediante réplica, la peticionaria adujo que la jurisprudencia no impone un término para esta solicitud y que se reconoce la facultad de una parte de presentar cuantos memorandos de honorarios de abogado se requieran para recobrarlos. Igualmente, sostuvo que no fue hasta luego de conocer sobre la disminución sufrida por la cuantía de honorarios otorgada que pudo plantear la justificación para que se sustituyera la fórmula del veinticinco por ciento (25%) por unos honorarios a base de horas.

El 1 de marzo de 2021, el foro primario denegó la solicitud de honorarios adicionales. Aunque reconoció que nuestro ordenamiento no establece término alguno ni tampoco identifica una etapa procesal en la que deba presentarse la solicitud de honorarios a base de horas trabajadas, coligió que la parte reclamante debe procurar el visto bueno del foro judicial al menos antes de que recaiga una sentencia que advenga final y firme. Por ello, dispuso que la presentación de la solicitud meses después de que se liberara

el mandato rebasó el límite de la razonabilidad y, por lo tanto, el reclamo era improcedente. En cuanto al memorando de costas, ordenó que la peticionaria presentara prueba de ciertas partidas.

Luego de una oportuna solicitud de reconsideración, el 19 de mayo de 2021 la peticionaria acudió al Tribunal de Apelaciones mediante un recurso de *certiorari* y reiteró sus planteamientos.[8]

En virtud de una sentencia notificada el 19 de julio de 2021, el Tribunal de Apelaciones expidió el auto solicitado y modificó la resolución recurrida solo a los fines de reconocer que la peticionaria puede solicitar ante el foro primario los honorarios de abogado correspondientes al proceso de ejecución de sentencia si demuestra la temeridad del patrono. En cuanto a la concesión de honorarios calculados a base de horas, determinó que la peticionaria no demostró que el foro de instancia abusara de su discreción al denegarlos.[9]

Inconforme, el 30 de julio de 2021 la peticionaria solicitó la reconsideración del dictamen, y al ser denegado, acudió ante este Tribunal. Cuestionó que se aplicara la fórmula del veinticinco por ciento (25%), así como, que se le impusiera un "término razonable" para reclamar la justa compensación por su trabajo a pesar de que las leyes

---

[8] Apéndice, págs. 1-16.
[9] El Juez Hernández Sánchez emitió voto disidente por considerar que la presentación de la solicitud no fue tardía a la luz de los hechos de *Belk v. Martínez*, 163 DPR 196 (2004).

laborales ni las Reglas de Procedimiento Civil establecen término alguno para la solicitud de honorarios.[10] El 18 de marzo de 2022 concedimos a la parte recurrida un término de treinta (30) días para mostrar causa por la cual no debamos expedir el recurso en reconsideración. Contando con su comparecencia, expedimos el recurso y estamos en posición de resolver.

## II

La Ley Núm. 100, *supra*, requiere que el juzgador imponga contra el patrono perdidoso una suma razonable en concepto de honorarios de abogado. Esto con el objetivo de nivelar la desventaja económica entre el trabajador y el patrono en las reclamaciones por discrimen en el empleo. *Belk v. Martínez*, supra, *López Vicil v. ITT Intermedia, Inc.*, supra. Los honorarios así impuestos representan la

---

[10] La peticionaria señaló los errores siguientes:

"Constituye un craso error de derecho el aplicar una fórmula matemática automática para justipreciar los honorarios a pagar a los abogados en este caso, actuación con la cual se devalúa irrazonable y discriminatoriamente el trabajo del abogado de la obrera en relación al abogado patronal sin fundamento objetivo para ello, lo que establece una clasificación sospechosa a los abogados de obreros y constituye a su vez una violación a la igual protección de las leyes que tenemos al amparo de la libertad de expresión, reunión y asociación a quienes decidimos representar trabajadores.

Erró el TA y el TPI al exigir a los abogados de la obrera un requisito y un término que no están establecidos en la ley, lo que priva del debido proceso a los abogados al reclamar una justa compensación por el trabajo indubitablemente realizado y que surge a plena vista de los propios autos de todos los tribunales que han intervenido en el caso.

Constituye una suma totalmente irrazonable la valoración a razón de $8.47 dólares la hora los servicios profesionales prestados por los abogados suscribientes en esta causa".

compensación única y exclusiva del abogado del trabajador, pues no se permite que los empleados paguen los honorarios de las reclamaciones laborales y por consiguiente, se disminuya el valor de la indemnización recibida. Ley Núm. 402 de 12 de mayo de 1950, según enmendada, 32 LPRA secs. 3114 y 3115. Véanse además, *Berkan* et al*. v. Mead Johnson Nutrition*, 204 DPR 183 (2020); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *Belk v. Martínez*, supra, *López Vicil v. ITT Intermedia, Inc*., 142 DPR 857 (1997). Para tal concesión tampoco se requiere una determinación previa de temeridad. *Belk v. Martínez*, supra.

Así, en *López Vicil v. ITT Intermedia, Inc.*, 143 DPR 574 (1997), establecimos que de ordinario, se otorgarán en concepto de honorarios el veinticinco por ciento (25%) de la indemnización base concedida al trabajador al amparo de la Ley Núm. 100, supra. Sin embargo, para que los trabajadores vindiquen sus derechos y cuenten con una representación adecuada, se requiere compensar justamente a los abogados que los representan. *Id*. Por ello, reconocimos que el abogado puede solicitar al tribunal cobrar una tarifa a base de las horas trabajadas cuando estime que "el esfuerzo realizado, el impacto o resultado excepcional del caso, o el haber enfrentado una defensa hostil" justifica recibir una cantidad mayor de honorarios. Id. Esta solicitud se debe presentar mediante un memorando juramentado en el que se detalle y demuestre las horas trabajadas y la labor realizada, así como la tarifa justificada en la experiencia,

preparación y cuánto se cobra tradicionalmente en ese tipo de caso. Id. pág. 584.

Por otro lado, "la concesión de honorarios adicionales al veinticinco por ciento (25%) de la indemnización base concedida al empleado se encuentra dentro de la sana discreción del foro de instancia" cuando se ejerza en consideración a los criterios establecidos en *López Vicil v. ITT Intermedia, Inc.*, supra. Véase, además *Belk v. Martínez*, supra. Para esto, el tribunal evalúa la razonabilidad de la solicitud tomando en cuenta su propia experiencia y pericia, la novedad y dificultad de las controversias o el esfuerzo que pueda requerir la defensa del demandado. A base de esto, el tribunal tiene la discreción de aceptar o modificar la cantidad solicitada. Sin embargo, debe consignar por escrito sus razones para llegar a la suma determinada de forma que su cálculo sea revisable. Los tribunales apelativos no intervendrán con esta determinación, excepto en casos de abuso de discreción. De igual forma y como hemos señalado repetidamente, el cálculo de los honorarios no debe convertirse en un segundo litigio.

## III

Conforme discutido, el Tribunal está obligado a otorgar honorarios de abogado razonables al empleado victorioso. Por lo tanto, los honorarios son impuestos por el juzgador en la sentencia y estos corresponderán proporcionalmente a los daños otorgados. Por consiguiente, es con la notificación de la sentencia que el empleado conoce la suma

concedida como compensación, así como, la cantidad que se otorga por concepto de honorarios de abogado. Es desde ese momento que puede evaluar si el veinticinco por ciento (25%) otorgado en honorarios de abogado compensa justamente el esfuerzo de la representación legal, o si por el contrario, solicitará honorarios de abogado por horas trabajadas. Sin embargo, no todas las reclamaciones laborales gozan de este trámite lineal.

Tal como ocurrió en el caso de autos, la sentencia dictada en el 2015 fue apelada y modificada posteriormente. A pesar de que el dictamen recurrido fue confirmado en cuanto a la existencia de discrimen, los daños concedidos fueron reducidos y esto conllevó una reducción proporcional significativa de los honorarios de abogado. El mandato fue entonces remitido al foro primario y meses más tarde (entre otros trámites post sentencia) se presentó la solicitud de honorarios por horas trabajadas.

Nuestras leyes, reglas procesales y jurisprudencia no proveen un término específico para solicitar honorarios adicionales en estos casos.[11] Ante el vacío estatutario,

---

[11] Como hemos expresado, este Tribunal no ha tenido la oportunidad de examinar el término que tiene la representación legal para presentar solicitudes de honorarios de abogados por horas trabajadas de forma expresa ni implícita. Aunque de una simple lectura de *Belk v. Martínez*, 146 DPR 215 (1998), y *Belk v. Martínez*, 163 DPR 196 (2004), algunos podrían concluir que condonamos la presentación de este tipo de solicitud "independientemente de la fecha de presentación" o "aún cuando las solicitudes se presentaron luego de que la Sentencia del caso advino final y firme", vale aclarar que la Opinión en *Belk v. Martínez*, 146 DPR 215 (1998), fue emitida el 30 de junio de 1998. Sin embargo, no es hasta el 3 de septiembre de 1998 que enviamos el mandato al Tribunal de Primera Instancia. Por lo tanto, en aquella ocasión la representación legal presentó el memorando de honorarios adicionales solo trece (13) días luego de que el foro primario adquiriera nuevamente jurisdicción para atender tal solicitud, es decir, el 16 de septiembre de 1998.

examinamos entonces la aplicación analógica de normas que versen sobre la misma materia u objetivo con el objetivo de alcanzar una interpretación integrada, lógica y razonable de la intención legislativa. *Berkan* et al. *v. Mead Johnson Nutrition*, supra, pág. 215; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723 (2016); *Orraca López v. ELA*, 192 DPR 31 (2014).

Nuestro Ordenamiento reconoce varios términos relacionados a los honorarios de abogado en diversos contextos. En particular, la Regla 44.1 de Procedimiento Civil (32 LPRA Ap. V) autoriza la concesión de costas y honorarios de abogado. En cuanto a las costas, esta regla dispone un término jurisdiccional de diez (10) días contado a partir del archivo en autos de copia de la notificación de la sentencia o desde la remisión del mandato, según aplique, para hacer la solicitud correspondiente. *Rosario Domínguez* et als. *v. ELA* et al., 198 DPR 197 (2017).

Cabe señalar que a principios del Siglo XX los honorarios de abogado se reconocían como costas del pleito concedidas a la parte vencedora y se requería un memorando que los detallara.[12] *Vega v. Luna Torres*, 126 DPR 370 (1990); *Sucn. Arroyo v. Municipio*, 81 DPR 434, 437-438 (1959). Con

---

Posteriormente, se presentaron las solicitudes suplementarias según la representación legal continuaba trabajando.

[12] Durante este periodo histórico, el término para presentar este memorando varió de entre cinco (5) a diez (10) días. Véase, Art. 339 Código de Enj. Civil, 1904. Véase, además, Art. 339 Código de Enj. Civil, 1908 ("Las costas se reclamarán por la parte [a] la que hayan sido concedidas, entregando al Secretario de la Corte, dentro de los diez días siguientes al en que se haya hecho firme la sentencia [o] decisión que haya puesto fin al asunto, un Memorandum de dichas costas, de los desembolsos necesarios hechos en el pleito por el reclamante y del montante de la minuta de honorarios de su letrado".).

el tiempo afloró el elemento disuasivo-punitivo en la concesión de honorarios de abogado, distinguiéndose así de las costas, y que continúa en la redacción actual de la regla. De esta forma, las Reglas de Procedimiento Civil fortalecieron el carácter mandatorio de los honorarios de abogado ante la conducta temeraria del litigante y cuyo cómputo depende de la intensidad en el grado de temeridad, mas no necesariamente de las sumas realmente pagadas.[13] *González Ramos v. Pacheco Romero*, 2022 TSPR 43; *Vega v. Luna Torres*, supra, *Corpak, Art Printing v. Ramallo Brothers*, 125 DPR 724 (1990).

Asimismo, y aunque con un propósito propio, las Reglas 13 y 14 del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, 201 DPR 261 (2018) (Reglamento de Oficio), aprobadas por este Tribunal, proveen otro contexto en el que nuestro ordenamiento establece procedimientos, tarifas, y términos de estricto cumplimiento

---

[13] Por el contrario, el profesor Rafael Hernández Colón especifica que en la Regla 44.2 de Procedimiento Civil, 32 LPRA Ap. V, sobre costas y sanciones interlocutorias, "[e]l monto de los honorarios de abogado bajo esta circunstancia se calibra no por la temeridad como se hace bajo la R. 44.1(d), sino por los gastos efectivamente incurridos en pagar al abogado con motivo de la infracción que da lugar a la concesión de los honorarios como parte de las costas". R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 431 esc. 17. Por ejemplo, véase, *Pérez Pascual v. Vega Rodríguez*, 124 DPR 529 (1989). También expresa el doctor Cuevas Segarra en cuanto a la nueva regla que no contiene término fijo para someter el memorándum y que "[s]e derogó la anterior limitación de que la sanción que se impusiere fuera a favor del estado y no de la parte, pues se consideraba más bien una multa o penalidad. Se puede adjudicar la sanción - como debe ser- a favor de la parte afectada". J.A. Cuevas Segarra, *Tratado de Derecho Procesal Civil*, San Juan, Pubs. J.T.S., 2011, T. IV, págs. 1325-1326.

Para un listado de disposiciones que requieren la imposición de honorarios de abogado, incluyendo "razonables" y aquellos "realmente devengados", véase, J.A. Cuevas Segarra, *op. cit.*, págs. 1321-1324.

para conceder honorarios de abogado. Específicamente, en la Regla 13 hemos reconocido que

> "[s]erá deber del abogado o de la abogada de oficio solicitar la certificación de las horas trabajadas de oficio no más tarde de diez (10) días del mes siguiente al que prestó el servicio. La petición será juramentada por el abogado o la abogada y desglosará todas las gestiones de oficio realizadas en el caso, con el detalle del número de horas trabajadas en el tribunal, fuera de este foro o en una etapa apelativa y la fecha de cada gestión".[14]

Posteriormente, con esta certificación el abogado o la abogada de oficio deberá solicitar los honorarios de abogado y, de ser aplicable, pedir la autorización de honorarios en exceso de los límites establecidos según dispuesto en la Regla 14 del Reglamento de Oficio, *supra*. Para ello, la Regla 9(e) del Reglamento de Oficio, *supra*, contempla y especifica el deber de la abogada y el abogado de contabilizar todas las horas prestadas.

Por otro lado, la peticionaria dirige nuestra atención al Art. 1867 del Código Civil de 1930, 31 LPRA ant. sec. 5297. Esta disposición reconocía la prescripción trienal para las acciones sobre el pago de honorarios de abogado. *Orraca López v. ELA*, supra. Como hemos expresado, este término se cuenta a partir de la fecha en que dejaren de prestarse los respectivos servicios, *Lebrón v. Puerto Rico Ry., Light & Power Co.*, 78 DPR 683 (1955), y no aplica al cumplimiento de obligaciones declaradas por sentencias

---

[14] El derecho a solicitar compensación surge por las gestiones realizadas en exceso a las treinta horas *pro bono*. Regla 11 del Reglamento para la Asignación de Abogados y Abogadas de Oficio de Puerto Rico, 201 DPR 261 (2018).

firmes. *Vázquez v. Martínez, et al.*, 17 DPR 1134, 1145 (1917). Sin embargo, tampoco podemos obviar que el cálculo de honorarios de abogados en reclamaciones laborales no debe convertirse en un segundo litigio por lo que descartamos su aplicación analógica en casos como el de autos.

Por último, y a fines ilustrativos, en la jurisdicción federal la mayoría de las leyes laborales autorizan o requieren la imposición de honorarios de abogado a la parte prevaleciente. Empero, a falta de un término provisto por ley u orden del tribunal, la solicitud de honorarios debe presentarse según dispuesto por la Regla 54 de Procedimiento Civil federal y las reglas locales aplicables, siendo el primero un término de catorce (14) días del archivo en autos de la sentencia. Regla 54 de Procedimiento Civil federal, Fed.Rules Civ.Proc.Rule 54, 28 USCA.

Luego de examinar las distintas disposiciones que tienen como objetivo común compensar el trabajo de la representación legal en nuestra jurisdicción y como estas disposiciones atienden los términos y el andamiaje para concederlos, podemos observar que se contemplan como aceptables los periodos de entre diez (10) y catorce (14) días desde el archivo en autos o la remisión del mandato para que los representantes legales puedan someter el desglose de las horas trabajadas. Por lo tanto, consideramos que un término de cumplimiento estricto de catorce (14) días contado a partir del archivo en autos de copia de la notificación de la sentencia o desde la remisión del mandato,

en caso de trámite apelativo posterior, es el más apropiado para presentar una solicitud de honorarios por horas trabajadas en reclamaciones laborales ante el foro de instancia sin que se frustre el propósito de la ley. Esto, pues la solicitud debe presentarse en fecha cercana a la determinación final que los concede. Para ello, y al igual que se le exige a la representación por oficio, el abogado o la abogada deberá mantener un detalle de las horas trabajadas y la labor realizada para presentar un memorando conforme a *López Vicil v. ITT Intermedia, Inc.*, supra.[15] Al adoptar el término de catorce (14) días consideramos que, a diferencia de las costas y la representación de oficio, el abogado o abogada que represente a un trabajador victorioso en una reclamación laboral también deberá justificar la tarifa que solicita. Del abogado o la abogada no someter su solicitud dentro de este periodo ni proveer justa causa, su compensación se limitará a la cantidad otorgada preliminarmente en la sentencia. Es decir, pierde la oportunidad de que el foro primario acepte o modifique los honorarios a la luz de la cantidad solicitada.

En el ejercicio de nuestra discreción judicial y en vista de que adoptamos por primera vez un término para la solicitud de honorarios por horas trabajadas en reclamaciones laborales, este término se aplicará

---

[15] *López Vicil v. ITT Intermedia, Inc.*, 143 DPR 574, 584 (1997) "El abogado del [empleado] tiene el peso de la prueba en demostrar que las horas trabajadas y su tarifa son razonables. Para esto es fundamental que cuente con una relación escrita contemporánea al momento cuando realizó la tarea".)

prospectivamente. *Rosario Domínguez* et als. *v. ELA* et al., supra; *Febles v. Romar*, 159 DPR 714 (2003).

Sin pasar juicio sobre las horas que deben ser compensadas, devolvemos el caso al Tribunal de Primera Instancia para que examine la solicitud de la representación legal de la empleada y determine si procede la aceptación o modificación de la suma a concederse por honorarios de abogado conforme a *López Vicil v. ITT Intermedia, Inc.*, 143 DPR 574, 582 (1997). Esto, pues este es el foro que conoce los trámites realizados, así como, la complejidad y el esfuerzo demostrado por la representación legal de la trabajadora durante los procedimientos.

## IV

Por los fundamentos expresados, expedimos el auto solicitado, revocamos la sentencia recurrida y devolvemos el caso al Tribunal de Primera Instancia para procedimientos ulteriores consistentes con esta opinión.

Se dictará Sentencia de conformidad.

Mildred G. Pabón Charneco
Jueza Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Iszol Ortiz Valle<br><br>Peticionaria<br><br>v.<br><br>Panadería Ricomini<br><br>Recurrida | CC-2021-0708 | *Certiorari* |

SENTENCIA

En San Juan, Puerto Rico, a 1 de noviembre de 2022.

Por los fundamentos expresados, expedimos el auto solicitado, revocamos la sentencia recurrida y devolvemos el caso al Tribunal de Primera Instancia para procedimientos ulteriores consistentes con esta opinión.

Lo pronunció, manda el Tribunal y certifica el Secretario del Tribunal Supremo. El Juez Asociado señor Martínez Torres concurre con Opinión escrita. El Juez Asociado señor Colón Pérez concurre con la expresión siguiente:

"El Juez Asociado señor Colón Pérez **concurre** con el resultado alcanzado por una mayoría de este Tribunal en el día de hoy y hace constar las siguientes expresiones:

Si bien estamos de acuerdo con revocar la *Sentencia* del Tribunal de Apelaciones, que -- en lo relacionado al presente caso -- privó a la parte aquí peticionaria de su solicitud de honorarios de abogados a base de horas trabajadas, no estamos de acuerdo con establecer un término de tiempo para realizar tal pedido. Esto último no era necesario.

En ese sentido, coincidimos -- en parte -- con las expresiones del Juez Asociado señor Martínez Torres en su *Opinión Concurrente* al afirmar que en reclamaciones como la de autos conviene recurrir a la figura de equidad, la cual

supone evaluar los siguientes factores: "*primero*, si existe alguna justificación para la demora [en solicitar los honorarios en cuestión]; *segundo*, el perjuicio que esta acarrea, y *tercero*, el efecto sobre los intereses privados o públicos involucrados". *Alonso Piñero v. UNDARE, Inc.*, 199 DPR 32, 54 (2017).

Siendo ello así, a nuestro juicio, no era necesario imponer un término para que, en casos como el de marras, las partes presenten sus solicitudes de honorarios por horas trabajadas en reclamaciones laborales. Nuestro ordenamiento jurídico, a través de la figura de la equidad, provee para ello.

Es, pues, por todo lo anterior, que respetuosamente concurrimos con el resultado al que llega hoy este Tribunal.".

La Jueza Presidenta Oronoz Rodríguez concurre sin opinión.

                    Javier O. Sepúlveda Rodríguez
                    Secretario del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Iszol Ortiz Valle

    Peticionaria

        v.

                            CC-2021-0708

Panadería Ricomini

    Recurrida

Opinión Concurrente emitida por el Juez Asociado señor MARTÍNEZ TORRES

En San Juan, Puerto Rico, a 1 de noviembre de 2022.

Coincido con la determinación de revocar la sentencia del Tribunal de Apelaciones y devolver el caso al Tribunal de Primera Instancia para dilucidar, en atención a la prueba, si en el caso particular ante nuestra consideración se justifica la modificación de la suma a concederse por honorarios de abogado, conforme a lo resuelto en López Vicil v. ITT Intermedia Inc., 143 DPR 574 (1997). No obstante, difiero del proceder mayoritario de imponer, mediante *fiat judicial*, un término prospectivo de 14 días para solicitar honorarios adicionales por horas trabajadas en reclamaciones laborales.

## I.

Este Tribunal ha establecido que cuando un abogado considere que el esfuerzo realizado o circunstancias extraordinarias en la defensa de una reclamación laboral amerite mayor compensación en concepto de honorarios de abogado, puede solicitar el pago de honorarios a base de horas trabajadas. López Vicil v. ITT Intermedia Inc., supra, pág. 583. A esos fines, debe presentar un memorando juramentado en el cual detalle las horas trabajadas y su tarifa, de modo que se pueda analizar si la solicitud es razonable. Íd. Asimismo, el abogado debe desglosar el tiempo invertido y describir las tareas realizadas. Íd. Deberá justificar la tarifa que solicita con su experiencia, preparación y la tarifa que usualmente cobra en casos similares. Una vez examinada la solicitud de honorarios en exceso del 25% de la indemnización concedida al empleado en casos de Ley Núm. 100, 29 LPRA sec. 149, el tribunal tiene la obligación de hacer constar por escrito los fundamentos en los que basó su determinación de denegar o conceder la mencionada compensación adicional. Belk v. Martínez, 163 DPR 196, 207 (2004).

## II.

Si bien hemos delimitado los requisitos de forma que debe contener una solicitud de honorarios razonables por horas de trabajo, como bien señala la mayoría en su Opinión, no existe ningún término para la presentación de dicha solicitud. Sin embargo, estimo que la imposición de un

término para solicitar honorarios en reclamaciones laborales es un asunto que le concierne a la Asamblea Legislativa y no a este Tribunal. No nos corresponde a nosotros, adoptar un término no contemplado en las Reglas de Procedimiento Civil ni en la legislación laboral. Como he expresado anteriormente: "nuestra postura como integrantes de este tribunal es guardar fidelidad completa a nuestro ordenamiento jurídico". Véase, Lozada Sánchez v. JCA, 184 DPR 898, 925 (2012). "No podemos arrogarnos el rol de la Asamblea Legislativa. Le compete a dicho Cuerpo formular el marco jurídico que establecerá la política pública y legislar al respecto". Pueblo v. Flores Flores, 181 DPR 225, 248 (2011).

En ausencia de un término estatutario, soy del criterio que, antes de crear uno por *fiat judicial*, conviene recurrir a la figura de la equidad. Es norma reiterada que, cuando las circunstancias así lo justifiquen, los tribunales pueden resolver conforme a equidad, tomando en cuenta la razón natural de acuerdo con los principios generales del derecho, así como los usos y costumbres. Véase, BPPR v. Sucn. Talavera, 174 DPR 686, 694 (2008). Así, la concesión de honorarios de abogado por horas trabajadas debe responder a un análisis individual, en atención a las circunstancias particulares de cada caso. Resolver conforme a equidad supone que, en casos como el de autos, evaluemos los factores siguientes: "(1) si existe alguna justificación para la demora; (2) el perjuicio que esta acarrea; (3) el efecto

sobre los intereses privados o públicos involucrados". <u>Alonso Piñero v. UNDARE, Inc.</u>, 199 DPR 32, 54 (2017).

Anteriormente, dimos paso a que el Tribunal de Primera Instancia evaluara la razonabilidad de conceder honorarios adicionales a base de horas trabajadas, aún cuando las solicitudes se presentaron luego de que la Sentencia del caso advino final y firme. <u>Belk v. Martínez</u>, <u>supra</u>. Con relación a ese caso, en una Opinión emitida el 30 de junio de 1998, esta Curia expresó que los abogados de la parte prevaleciente, de entenderlo procedente, podían solicitar que se le concedieran honorarios adicionales a base de horas trabajadas. Véase, <u>Belk Arce v. Martínez</u>, 146 DPR 215 (1998). En respuesta a esas expresiones, los abogados presentaron los memorandos de honorarios adicionales el 16 de septiembre de 1998, el 29 de diciembre de 1999, el 8 de agosto de 2000, y el 5 de febrero de 2002, respectivamente. En nuestra Opinión, ordenamos al Tribunal de Primera Instancia considerar los méritos y la razonabilidad de los honorarios adicionales, independientemente de la fecha de presentación de las solicitudes. <u>Belk v. Martínez</u>, <u>supra</u>, pág. 207.

III.

En el caso ante nuestra consideración surge del expediente que nos enfrentamos a un litigio extenso presentado hace más de 20 años, con un trámite judicial voluminoso que, a pesar de haber advenido final y firme, al día de hoy mantiene una litigación activa sobre remedios postsentencia. Pese a que la solicitud de honorarios por

horas trabajadas fue presentada nueve (9) meses luego de que se remitió el mandato del Tribunal de Apelaciones, de los autos se desprende que la parte peticionaria no se quedó cruzada de brazos, sino que durante ese periodo, se mantuvo realizando trámites judiciales y extrajudiciales para lograr la ejecución de la sentencia y el pago de los honorarios. Ante ese escenario, resolver conforme a equidad nos llevaría a concluir que su solicitud de honorarios por horas trabajadas debe ser evaluada de acuerdo a López Vicil v. ITT Intermedia Inc., supra. En ese sentido, estoy de acuerdo con la decisión del Tribunal de devolver el caso al Tribunal de Primera Instancia para que considere la razonabilidad de los honorarios solicitados. Empero, reitero que la imposición de términos prescriptivos es una función que corresponde a la Asamblea Legislativa y no a este Tribunal. Pueblo v. Román Feliciano, 181 DPR 679, 698-699 (2011)(Opinión disidente del Juez Asociado Martínez Torres).

Por los fundamentos anteriormente expuestos, concurro respetuosamente.


                                        RAFAEL L. MARTÍNEZ TORRES
                                            Juez Asociado